UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. SHORT,

    Plaintiff,

                                  Case No. 13-10085
v.                                   Hon. Lawrence P. Zatkoff

CITY OF DEARBORN and 19th DISTRICT
COURT,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 13, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted his *pro se* complaint[1] [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on January 10, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and Plaintiff's *pro se* complaint is DISMISSED.

---

[1] Plaintiff's labels his initial filing with the Court as "Petition for Removal and Redress". It appears that Plaintiff is attempting to remove his criminal case from state court to this Court pursuant to 28 U.S.C. § 1441. This statute, however, permits a defendant to remove from state court any *civil* action, not a criminal action, in which he or she is a defendant—thus, Plaintiff's desire to remove his criminal case is, technically, procedurally barred. Yet, because Plaintiff is a *pro se* litigant and because Plaintiff is now alleging that his constitutional rights were violated by Defendants, the Court will construe his filing as a *pro se* complaint.

## II.  ANALYSIS

### A.  Plaintiff's Request to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons.  *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997).  If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)).  Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim.  *See id.* at 261.  The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's Application to proceed *in forma pauperis* [dkt 2].

### B. Review of Plaintiff's Complaint

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code.  Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds Plaintiff's complaint to be frivolous.

Plaintiff's complaint consists of an eleven page, single-spaced narrative. In addition to requesting that the Court accept removal of his state criminal case and dismiss his DUI charges, Plaintiff asserts in a conclusory fashion that Defendants "violated the 1st, 4th, 5th, 9th, 10th, and 14th Amendments to the US Constitution." Yet, aside from that single allegation, Plaintiff's complaint utterly fails to demonstrate—or even address—how Defendants violated his constitutional rights. Interestingly, Plaintiff devotes the majority of his complaint to alleging that he has invented things such as the Internet, "multi-windows based interfacing," steel, free energy, and plastic. While the Court will not dispute Plaintiff's claimed "inventions," the Court finds that Plaintiff's complaint is plagued with incoherent statements, none of which adequately state a cognizable legal claim under federal law. The Court need not sort through pages of a rambling narrative to discern—much less speculate—what specific claims and legal theories Plaintiff asserts. Therefore, the Court concludes that Plaintiff's complaint is frivolous.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss his DUI cases [dkt 5] is DISMISSED.

IT IS SO ORDERED.

                                                      s/Lawrence P. Zatkoff
                                                      HON. LAWRENCE P. ZATKOFF
                                                      U.S. DISTRICT JUDGE

Date: February 13, 2013